IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ACM PENFIELD CFL, LLC<br><br>Plaintiff<br><br>vs<br><br>CHRISTOPHER MOLINA-FIGUEROA, CARMEN VAZQUEZ-BERMUDEZ, and the conjugal partnership constituted therein<br><br>Defendants | CIVIL 13-1802CCC |

### DEFAULT JUDGMENT

Upon plaintiff's Motion for Default Judgment (**docket entry 10**) filed on April 1, 2014, and it appearing from the records of the above-entitled cause that default was entered by this Court against the defendants (for failure to plead or file an answer to the complaint, or otherwise appear in the above cause) plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts, upon considering the declaration under penalty of perjury of loan officer Iliana Payano for plaintiff's servicer (docket entry 10-3) and the exhibits attached to said motion (docket entries 10-1, 10-2 and 10-4).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants, Christopher Molina-Figueroa, Carmen Vázquez-Bermúdez and the Conjugal Partnership Constituted Therein, are hereby ordered to pay Plaintiff the following sums:

$267,381.48 in principal, accrued interest of $41,404.34 as of February 4, 2014, which continues to accrue until full payment of the debt, late charges of $4,613.40, escrow deficiency of $893.55, property preservation charges of $813.19 and any other disbursements made by plaintiff on behalf of defendants in accordance with the mortgage deed, plus costs, and ten (10) percent attorney fees.

1.   In default of the payment of the sums hereinbefore specified or of any part thereof, within ten (10) days from the date of entry of this judgment, the following mortgaged

CIVIL 13-1802CCC                               2

property described in the Spanish language, shall be sold at public auction to the highest bidder therefor, without an appraisal or right of redemption for the payment of plaintiff's mortgage within the limits secured thereby:

> ---**URBANA:** PROPIEDAD HORIZONTAL:  Apartamento "Penthouse" número C guión Seiscientos Cuatro (C-604).  Apartamento residencial de dos (2) niveles, de forma irregular localizado en el cuarto y quinto nivel del edificio C del Condominio "Palma Dorada Village by the Sea", localizado en el Barrio Sabana, del término municipal de Vega Alta, Puerto Rico.  El área aproximada del apartamento es de dos mil veintiséis punto tres mil doscientos treinta y dos (2026.3232) pies cuadrados, equivalentes a CIENTO OCHENTA Y OCHO PUNTO TREINTA Y DOS (188.32) METROS CUADRADOS.  Son sus linderos en su primer nivel por el **Norte** en una distancia de doce punto treinta y cuatro (12.34) metros con espacio común aérea; por el **Sur**, en una distancia de doce punto treinta y cuatro (12.34) metros con espacio común aéreo; por el **Este**, en una distancia de dieciséis punto cero ocho (16.08) metros con el apartamento C guión Quinientos Cuatro (C-504) y con área común; y, por el **Oeste**, en una distancia de trece punto sesenta y cuatro (13.64) metros con el apartamento D guión Setecientos Cuatro (D-704).  En su segundo nivel colinda por el **Norte**, en una distancia de ocho punto cincuenta y tres (8.53) metros con la terraza de dicho apartamento; por el **Sur**, en una distancia de ocho punto cincuenta y tres (8.53) metros con espacio común aéreo; por el **Este**, en una distancia de diez punto veintinueve (10.29) con espacio común aéreo; y, por el **Oeste**, en una distancia de trece punto setenta y dos (13.72) metros con la terraza de dicho apartamento.  La puerta de entrada de este apartamento está situada en su colindancia Norte.  El primer nivel consta de una sala-comedor, un "family room", una cocina, un "laundry closet", un pasillo principal con su baño, vanity y walk in closet, dos cuartos con sus respectivos closets, un balcón y las escaleras interiores del apartamento que dan acceso al segundo nivel del apartamento.  Su segundo nivel consta de un recibidor o vestíbulo, el cual da acceso a las escaleras interiores del apartamento las cuales conducen al primer nivel del apartamento, un estudio (studio) y un baño, los cuales son parte integral del apartamento y del uso exclusivo de una terraza con una cabida de seiscientos trece punto treinta y dos (612.32) pies cuadrados equivalentes a cincuenta y siete punto cero cero (157.00) metros cuadrados, que es un elemento común limitado de este apartamento.  Le corresponden dos espacios de estacionamiento identificados con el mismo número del apartamento, localizado uno al lado del otro.  Este apartamento tiene una participación de cero punto novecientos sesenta y siete por ciento (0.967%) en los elementos comunes del edificio.
>
> ---Consta inscrita al Folio doscientos nueve (209) del Tomo trescientos doce (312) de Vega Alta, Finca número diecinueve mil treinta y ocho (19,038), Registro de la Propiedad de Puerto Rico, Sección Cuarta (IV) de Bayamón.

2.     Upon Plaintiff's compliance with Fed. R. Civ. P. 53, this Court may appoint a Special Master to make the sale hereinbefore mentioned but said Special Master shall not

CIVIL 13-1802CCC    3

proceed to carry out the sale, nor do anything in connection therewith, until further order from this Court and under the form and conditions to be directed by this Court.

3. The sale to be made by the U.S. Marshal or by Special Master appointed by this Court shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is **$271,150.00**.

4. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

(a) To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the U.S. Marshal or the appointed Special Master, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

(b) To the payment of all expenses or advances made by the Plaintiff.

(c) To the payment to plaintiffs of the amount of $267,381.48 in principal, accrued interest of $41,404.34 as of February 4, 2014, which continues to accrue until full payment of the debt, late charges of $4,613.40, escrow deficiency of $893.55, property preservation charges of $813.19 and any other disbursements made by plaintiff on behalf of defendants in accordance with the mortgage deed, plus costs, and ten (10) percent attorney fees.

(d) If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

CIVIL 13-1802CCC 4

      (e)    If after making all the above payments there is a deficiency, Plaintiff may seek further orders of the Courts to collect said deficiency from Defendant.

    5.    Plaintiff in these proceedings may apply to this Court for such further orders, as it may deem advisable to its interests, in accordance with the terms of this judgment.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on April 8, 2014.

                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge